# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| SCOTT PARIS, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>STEINBERG & STEINBERG, et. al.,<br><br>Defendants. | CASE NO. C11-993 MJP<br><br>ORDER ON DEFENDANTS' MOTIONS TO DISMISS, MOTION SUMMARY JUDGMENT, PROTECTIVE ORDER AND PLAINTIFF'S MOTION TO WITHDRAW |

This matter comes before the Court on Defendant Atlantic Credit & Finance's ("ACF") motion to dismiss (Dkt. No. 20), Defendant Woolwine's motion to dismiss (Dkt. No. 19), Defendant Steinberg's motion to dismiss (Dkt. No. 5), Defendant Steinberg's motion for summary judgment (Dkt. No. 30), Defendant's motion for a protective order (Dkt. No. 44), and Plaintiff's motion to withdraw as counsel (Dkt. No. 25). Having reviewed the motions, the Defendants' various joinder motions (Dkt. Nos. 21, 34, and 47), Plaintiff's responses (Dkt. Nos. 15, 28, 29, 40, and 56), Defendants' replies (Dkt. Nos. 18, 33, 42, 49, and 57), Defendant Steinberg's request for judicial notice (Dkt. No. 39), related briefing on judicial notice (Dkt. Nos.

50 and 53), Plaintiff's motion for leave to file a surreply (Dkt. No. 36), Defendant's response to the motion for surreply (Dkt. No. 37), and all related filings, the Court GRANTS in part and DENIES in part Defendants ACF and Woolwine's motions to dismiss, DENIES Steinberg's motion to dismiss, DENIES Defendant's motion for a protective order as moot, GRANTS Defendants' motion for summary judgment, GRANTS Plaintiff's motion to withdraw as counsel, takes judicial notice of <u>American Express Centurion Banks v. Eickhof</u>, Case No. 10-2-45119-6-SEA, in King County Superior Court, and GRANTS Plaintiff's motion for leave to file a surreply. The Court allows Plaintiff leave to amend the complaint.

## Background

Plaintiff Scott Paris ("Paris") is suing Defendants Quentin Steinberg ("Steinberg"), Steinberg & Steinberg, Kelly Woolwine ("Woolwine"), and ACF for violations of the Fair Debt Collection Practices Act ("FDCPA"), Washington Collection Agency Act ("WCAA"), and the Washington Consumer Protection Act ("CPA"). Steinberg is an attorney doing business as Steinberg & Steinberg and Woolwine is the President and Chief Operating Officer of ACF, a privately-held, debt collection agency.

Paris alleges Defendant Steinberg sent him a letter on December 21, 2010 that violated the FDCPA requirements for "initial communications." The letter reads as follows:

> December 21, 2010
>
> **Re: Atlantic Credit and Finance, Inc.**
>
> Dear Mr. Paris:
>
> Please be advised that I have been consulted by the above in regard to a claim against you in the amount of $9,521.42.
>
> If the above-named creditor is not the original creditor, we will, if requested within thirty (30) days, furnish you with the name and address of the original creditor.

ORDER ON DEFENDANTS' MOTIONS TO
DISMISS, MOTION SUMMARY JUDGMENT,
PROTECTIVE ORDER AND PLAINTIFF'S
MOTION TO WITHDRAW- 2

> If you dispute the validity of this debt, you must notify this office within thirty (30) days of receipt of this notice, and a verification of the debt, or a copy of the Judgment, will be sent to you.
>
> Be advised, this is an attempt to collect a debt and any information we obtain will be used for the purposes of collecting this debt.
>
> Failing to hear from you within said thirty (30) days, we shall assume that the debt is valid, and we shall have no choice but to proceed against you without further notice, which may result in considerable expense to you.
>
> Very truly yours,
> Quentin Steinberg.

(Compl., Exhibit A.)

Plaintiff argues the December 21, 2010 letter violated the FDCPA by failing to specify that (1) Paris must dispute the debt in writing (2) the thirty day dispute period begins to run upon receipt, rather than from the date of, the letter, (3) Paris may challenge any portion of the debt, not necessarily the whole debt, and (4) that the letter was confusing, misleading and/or deceptive. In addition, Paris alleges Defendant violated the WCAA and the WCPA, by attempting to collect on a debt without being a licensed collection agency.

Plaintiff seeks to certify two classes under Fed. R. Civ. P. 23(b)(1)(A) and (B):

> All persons located in Washington who, within one year before the date of this complaint, received a letter from Defendants in connection with an attempt to collect any consumer debt, where the letter was substantially similar or materially identical to the letter delivered to Plaintiff.
>
> All persons located in Washington against whom, within one year before the date of this complaint, Defendants brought or maintained an action in a court of this state involving the collection of a claim of a third party without alleging and proving that Defendants are duly licensed under RCW 19.16.110, <u>et. seq.</u>

**Discussion**

A. <u>Defendants' Motions to Dismiss</u>

1. <u>Standard</u>

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " <u>Ashcroft v. Iqbal</u>, ––– U.S. ––––, ––––, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (quoting <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (citing <u>Twombly</u>, 550 U.S. at 555). A plaintiff must "provide the 'grounds' of his 'entitle[ment] to relief.' " <u>Twombly</u>, 550 U.S. at 555 (citations omitted). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' " <u>Iqbal</u>, 129 S.Ct. at 1949 (quoting <u>Twombly</u>, 550 U.S. at 555).

2. <u>Defendant Woolwine and ACF's Rule 12(b)(6) Motion to Dismiss</u>

Defendant Woolwine and ACF argue in separate but overlapping motions that (1) Plaintiff failed to allege actual damages under the CPA, (2) Plaintiff lacks standing to sue under the WCAA, and (3) ACF was not the party who sent the disputed "initial communication." Defendant Steinberg filed a motion to join with respect to the former two arguments. Plaintiff's responses to Defendants' motions were untimely, but the Court prefers to reach the merits and, therefore, GRANTS Plaintiff's motion to file a surreply and considers Plaintiff's arguments.

a. <u>CPA</u>

Defendants argue the CPA claims fail because Plaintiff does not allege actual damages. The Court agrees. Under the CPA, a plaintiff must plead five elements: (1) an unfair or deceptive act or practice, (2) occurring in trade or commerce, (3) causing, (4) injury, and (5) a

public interest impact. Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co., 105 Wash.2d 778, 780 (Wash. 1986).

Here, Paris fails to allege any injury from Defendants' failure to comply with the WCAA. First, Plaintiff pays only lip-service to damages by pleading for an award of "actual damages pursuant to Chapter 19.16 of the Revised Washington Code." The complaint lacks any factual allegations that would support a finding of actual damages. (Compl. ¶¶ 118c, 124c, 127b). A complaint does not survive a motion to dismiss "if it offers naked assertions devoid of further factual enhancement." Iqbal, 129 S. Ct. at 1949. To the extent Paris believes his damages are "immediately apparent" given the attorneys' fees incurred in prosecuting this CPA action, the argument is misplaced. Paris already makes a request for attorneys' fees in his complaint apart from his request for actual damages.

Second, Paris argues actual damages may be in the form of restitution—in this case, ACF must return any fee ACF gained in collecting without a license. Paris's argument is unavailing. The Washington Supreme Court only recognized restitution as an available remedy in consumer actions brought under RCW 19.86.080. State v. Ralph Williams' North West Chrysler Plymouth, Inc., 82 Wash.2d 265, 277-78 (Wash. 1973). But, RCW 19.86.080 is specifically limited to actions brought by the attorney general. In this case, Paris is asserting a private right of action under RCW 19.86.090, which allows only for a civil action "to recover the actual damages sustained by him or her."

Third, Paris argues operating a collection agency without a license is a per se CPA violation sufficient to support a claim. The Court finds Paris's argument fails. To succeed on a per se violation, a plaintiff must show (1) existence of pertinent statute, (2) its violation, (3) that such violation was the proximate cause of damages sustained, and (4) that they were within the

ORDER ON DEFENDANTS' MOTIONS TO
DISMISS, MOTION SUMMARY JUDGMENT,
PROTECTIVE ORDER AND PLAINTIFF'S
MOTION TO WITHDRAW- 5

class of people the statute sought to protect. <u>Keyes v. Bollinger</u>, 640 P.2d 1077, 1081 (Wash. App. 1982). Even though operating a collection agency without a license is an unfair or deceptive act occurring in trade or commerce under RCW 19.16.440, Plaintiff still must satisfy that the violation was the proximate cause of damages sustained.

Fourth, Paris argues actual damages need not be pled because he requested injunctive relief. Again, Paris's argument is flawed. The CPA specifically requires the Plaintiff plead an actual injury—whether monetary or some other non-quantifiable injury. <u>Hangman Ridge</u>, 105 Wash.2d at 780. If it suffices for plaintiff to request that a defendant merely stop violating the law, as Paris requests here, the injury requirement would have no bite. The CPA does not authorize a remedy for a person who fails to plead actual damages. <u>Girar v. Myers</u>, 39 Wash.App. 577, 589 (Wash. App. 1985).

Since Plaintiff's complaint does not provide factual allegations supporting a claim for actual damages, the Court DISMISSES Paris's CPA claim as to all Defendants with leave to amend.

b. <u>WCAA</u>

Plaintiff asserts a claim under RCW 19.16.110 and RCW 19.16.260 of the WCAA. Defendants argue the claims fail because there is no private right of action under either provision. The Court agrees.

First, RCW 19.16.110, which bars persons from acting as a collection agency without a license, does not provide a private right of action on its own. Under the WCAA, RCW 19.16.110 violations "are declared to be unfair acts or practices or unfair methods of competition in the conduct of trade or commerce for the purpose of the application of the [CPA]." RCW 19.16.440. But the WCAA does not recognize any liability separate from the CPA.

1  Paris nevertheless argues Defendants are statutorily liable up to $500 for violating RCW 19.16.110. The Court finds Defendant's argument flawed because it relies on a cursory decision granting default judgment. See Francis v. J.C. Penney Corp. Inc., C09-5061 FDB, 2010 WL 715535, at *2 (W.D. Wash. Feb. 24, 2010). Notably, RCW 19.16.430(1) provides that operating without a license is an offense "punishable by a fine not exceeding five hundred dollars or by imprisonment not exceeding one year." It does not, however, establish create any civil liability. Since Plaintiff's CPA claim fails for not pleading actual damages and the WCAA creates no separate liability, the Court finds Paris's RCW 19.16.110 claim fails.

Likewise, RCW 19.16.260, which bars persons from maintaining an action in court without a license, does not provide Paris a private right of action. Under RCW 19.16.430(2), any person operating without a license "shall not charge or receive any fee or compensation on any moneys received or collected while operating without a license. . . . All such moneys collected or received shall be forthwith returned to the owners of the accounts on which the moneys were paid." RCW 19.16.430(2). In other words, the only people who may sue are "the owners of the accounts." Paris is the alleged debtor; therefore, Paris did not pay ACF any fee to engage in collection activities and would not qualify as "the owner of the account." To the extent Paris's briefing defines "claim" and "out-of-state collection agency" in detail, Paris's argument is irrelevant. Even assuming the obligation is a "claim" and ACF is a "collection agency," the WCAA does not create a private right of action under which Paris could sue.

Since the WCAA does not provide a private right of action separate from the CPA and Plaintiff's CPA claim fails, the Court DISMISSES Paris's WCAA claim as to all Defendants with leave to amend.

c. FDCPA

Plaintiff asserts Defendants acted jointly and sent Plaintiff an initial communication letter on December 21, 2010 that failed to meet FDCPA notice requirements. (Compl. ¶¶ 55-59.) The Court finds the FDCPA claim survives Defendants' motion to dismiss; however, as discussed below, ultimately fails Defendants' motion for summary judgment.

First, Plaintiff sufficiently states a claim that Defendants' December 21, 2010 letter did not meet initial communication requirements. Under the FDCPA, debt collectors must comply with various statutory notice requirements when first contacting a consumer in connection with the collection of any debt. 15 U.S.C. § 1692g(a). While Defendants Woolwine and ACF argue the December 21, 2010 letter was not the initial communication between ACF and Paris, the argument is unavailing at the pleading stage. Whether or not the December 21, 2010 letter was an initial communication is a factual dispute inappropriate for adjudication on a motion to dismiss. Since Plaintiff alleges the December 21, 2010 signed by Steinberg was the initial communication and Steinberg was acting on behalf of ACF, see Compl. ¶ 57, Plaintiff has alleged a claim under 15 U.S.C. § 1692g(a).

Second, Plaintiff alleges a sufficient claim against Woolwine. "The Sixth Circuit and all district courts in the Ninth Circuit, have concluded that employees can be held personally liable under the FDCPA." Robinson v. Managed Accounts Receivables Corp., 654 F.Supp.2d 1051, 1059 (C.D. Cal. 2009)(collecting cases). Plaintiff's complaint alleges Woolwine was the COO of ACF, exercised control over ACF's debt collection business, and materially authorized and/or directed the FDCPA violations at issue here. (Compl. ¶ 41.) While the Court questions whether Woolwine actually participated in ACF's collection activities against Paris given that ACF maintains an in-house staff of 250 collectors, (Compl. ¶ 45), on a motion to dismiss, the claim survives. See Schwarm v. Craighead, 552 F.Supp. 2d 1056, 1073 (E.D. Cal. 2008).

1     Since Plaintiff alleges a claim when all factual allegations are taken as true, the Court DENIES Defendants' motion to dismiss the FDCPA claim. Since Plaintiff's claim under 15 U.S.C. § 1692g(a) survives, the Court need not consider Plaintiff's alternative claim under 15 U.S.C. § 1692g(b) of the FDCPA.

    3. <u>Defendant Steinberg's Rule 12(b)(6) Motion to Dismiss</u>

    Paris asserts Steinberg violated the WCAA by acting as a collection agency without a license. Under the WCAA, a "collection agency" does not include "any person whose collection activities are carried on in his, her, or its true name and are confined and are directly related to the operation of a business other than that of a collection agency, such as . . . lawyers." RCW 19.16.100(3)(c). Steinberg seeks to dismiss Paris's state law claims, arguing WCAA exempts lawyers from liability. The Court finds Defendant's argument unavailing; although, Paris's WCAA claims nevertheless fail for reasons discussed above.

    First, Steinberg seizes upon the word "lawyers" to argue that the statute exempts law firms from liability under the WCAA. The Court disagrees. As Judge Robart recently held, the WCAA does not categorically exclude all lawyers. <u>Mandelas v. Gordon</u>, No. C10-0594JLR, 2011 WL 1219341 at *7 (W.D. Wash. Mar. 31, 2011). RCW 19.16.100(3)(c) only excludes those lawyers who are attempting to collect on their own debts. <u>See</u> <u>Lang v. Gordon</u>, No. C10-0819RSL, 2011 WL 62141, at *2 (W.D.Wash. Jan. 6, 2011); <u>LeClair v. Suttell & Assoc., P.S.</u>, No. C09-1047JCC, 2010 WL 417418, at *6 (W.D. Wash. Jan. 29, 2010). <u>But see</u> <u>Motherway v. Daniel N. Gordon, PC</u>, No. C09-5605RBL, 2010 2803052, at *4-5 (W.D.Wash. Jul. 15, 2010)(dismissing WCAA claim and noting that the law firm is not a "collection agency" under the WCAA because, while it "specializes in debt collection legal work, it is first and foremost a

law firm."). The WCAA does not exempt attorneys attempting to collect a debt owed to a third party, as is the case here. Lang, 2011 WL 62141, at *3.

To the extent Steinberg relies on Trust Fund Services v. Aro Glass Co., the argument is unavailing. 575 P.2d 716, 718 (Wash. 1978). In Trust Fund, the Washington Supreme Court was concerned with whether a trust fund was established as the law firm's alter ego, and therefore exempt. Id. The Court did not address whether law firms are categorically excluded from regulation as collection agencies. Defendant's reliance on Campion v. Credit Bureau Services, Inc. is equally unpersuasive. No. C99-0199 EFS, 2000 WL 33255504 (E.D. Wash. Sept. 20, 2000). Campion involved a motion for summary judgment where the court analyzed whether the lawyer's activities were carried out in his true name and, therefore, subject to the exemption. Id. In contrast, on a motion to dismiss, the Court must take Paris's allegations as true. Since Paris alleges Steinberg was attempting to collect a debt owed to a third party and not a debt in his own name, Campion's factual determination as to the lawyer's activities is inapposite.

Second, Steinberg argues he would have violated the WCAA if he were to get a collection agency license. RCW 19.16.250(5) prohibits collection agencies from performing any acts "constituting the practice of law," and therefore Steinberg argues he could not have both been a lawyer and a collection agency. In support, Steinberg requests the Court take judicial notice of American Express Centurion Banks v. Eickhof, No. 10-2-45119-6 at Dkt. No. 15 (Wash. Superior. Ct., May 6, 2011). In American Express, a law firm registered as a collection agency and was, therefore, disqualified from serving as the creditor's attorney.

The Court recognizes some ambiguity in the statute's language, but again adopts the reasoning of Judge Robart on this issue. The WCAA contemplates that some licensees, in fact,

ORDER ON DEFENDANTS' MOTIONS TO
DISMISS, MOTION SUMMARY JUDGMENT,
PROTECTIVE ORDER AND PLAINTIFF'S
MOTION TO WITHDRAW- 10

will practice law. See RCW 19.16.120(4)(b). Under RCW 19.16.120(4)(b), the WCAA states it is "unprofessional conduct" for certain employees of collection agencies to have "had his or her license to practice law suspended or revoked" under certain circumstances. See Lang, 2011 WL 62141, at *3. In other words, RCW 19.16.120(4)(b)'s implicitly recognizes that lawyers may act as collection agencies. Since Steinberg could be liable if his activity went beyond merely acting as legal counsel and included activities similar to that of a collection agency, dismissal is inappropriate.

Third, Defendant argues, if RCW 19.16.100(3)(c) were read not to exempt lawyers, RCW 19.16.100(2)(a), which defines "collection agency" as one collecting on the debt "of another person," would be superfluous. The Court disagrees. Defendant's argument omits WCAA's complete definition of "collection agency." While RCW 19.16.100(2) defines "collection agency" as one collecting on claims owed or due another person, it also defines it as any person attempting to collect on their own claim while using a fake name to confuse the debtor into thinking a third person is collecting on such claim. Since a collection agency could be someone attempting to collect on their own claim, it is logical that the legislature felt it necessary to exempt lawyers collecting on their own claim in RCW 19.16.100(3)(c).

Since Steinberg is not exempt from the WCAA as a lawyer and on a motion to dismiss and the Court takes Plaintiff's allegations as true, the Court takes judicial notice of American Express Centurio v. Eickhof, but nevertheless DENIES Steinberg's motion to dismiss. Instead, the Court dismisses Plaintiff's WCAA claims on other grounds, as discussed above.

\\

\\

\\

ORDER ON DEFENDANTS' MOTIONS TO
DISMISS, MOTION SUMMARY JUDGMENT,
PROTECTIVE ORDER AND PLAINTIFF'S
MOTION TO WITHDRAW- 11

B. <u>Defendants' Motions for Summary Judgment</u>

1. <u>Standard</u>

Summary judgment is proper if the pleadings, depositions, answers to interrogatories, admissions on file, and affidavits show that there are no genuine issues of material fact for trial and that the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(a). Material facts are those "that might affect the outcome of the suit under the governing law." <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). The underlying facts are viewed in the light most favorable to the party opposing the motion. <u>Matsushita Elec. Indus. Co. v. Zenith Radio Corp.</u>, 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). The party moving for summary judgment has the burden to show initially the absence of a genuine issue concerning any material fact. <u>Adickes v. S.H. Kress & Co.</u>, 398 U.S. 144, 159, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970). Once the moving party has met its initial burden, the burden shifts to the nonmoving party to establish the existence of an issue of fact regarding an element essential to that party's case, and on which that party will bear the burden of proof at trial. <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 323–24, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

2. <u>Defendants' Motion for Summary Judgment</u>

Defendants argue the December 21, 2010 letter was not the Defendants' "initial communication" with Paris, and therefore, 15 U.S.C. § 1692g requirements do not apply. The Court agrees.

The factual record demonstrates that the December 21, 2010 letter was not the "initial communication" Paris received on the alleged debt. In 2009, Paris owed Capitol One $9,531.42. (Dkt. No. 31-1, Steinberg Decl., Ex. 3.) ACF purchased the Capital One account and ACF's attorney, John P. Frye, contacted Paris in May 2009 about the alleged debt. (<u>Id.</u> at Ex. 4.) The

May 2009 letter contained language complying with the initial communications requirement. (Id.) In response to Frye's initial communication, Paris disputed the debt in writing. (Id. at Ex. 5.) On June 25, 2009, ACF sent Paris the first of several validation letters. (Id. at Ex. 6.) The December 21, 2010 letter at issue in this litigation merely informed Paris that he had been retained by ACF with respect to the debt. (Id. at Ex. 11.) After Paris wrote Steinberg to dispute the debt, Steinberg filed a lawsuit in King County District Court based on Paris's failure to pay the $9,521.42. (Id. at 15.) Since Paris had been contacted previously about the same alleged debt by ACF, the Court finds FDCPA's initial communication requirements do not apply to Steinberg's December 21, 2010 letter.

Plaintiff submits no documentation or declaration contesting this factual record; nevertheless, argues Steinberg violated the FDCPA because subsequent debt collectors must also comply with initial communication requirements. Plaintiff cites several unreported, out-of-district cases, but none are unpersuasive. See Turner v. Shenandoah Legal Group, P.C., 2006 WL 1685698 at *11 (E.D. Va. 2006); Tipping-Lipshie v. Riddle, 2000 WL 33963916 (E.D.N.Y. Mar. 2, 2000); and Sutton v. Law Offices of Alexander L. Lawrence, 1992 U.S. Dist. LEXIS 22761 at *8 (D. Del. June 17, 1992). The goal of the FDCPA's initial communication requirement is to advise the debtor of his rights and obligations to the creditor—not advise the debtor of each and every debt collector. See Oppong v. First Union Mortg. Corp., 566 F. Supp. 2d 395, 404 (E.D. Pa. 2008)(finding "it would serve no purpose to require that the same information be given again and again, each time the servicing function was passed from one creditor to another"). The FDCPA states "[w]ithin five days after the initial communication..., a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing [certain listed

ORDER ON DEFENDANTS' MOTIONS TO
DISMISS, MOTION SUMMARY JUDGMENT,
PROTECTIVE ORDER AND PLAINTIFF'S
MOTION TO WITHDRAW- 13

requirements]." 15 U.S.C. § 1692g (emphasis added). By using the singular when referring to "initial communication," Congress contemplated only one initial communication with a debtor on a given debt. See Donohue v. Nielson, 255 P.3d 760, 762 (Wash.App. 2011). While Plaintiff argues the statute refers to the debt collector in the infinitive ("a debt collector"), the argument is unavailing. Had Congress intended that there might be more than one initial communication with a debtor on a given date, Congress could have said it. Under § 1692e(11), for example, Congress explicitly required both initial and successive debt collectors to provide validation notices. 15 U.S.C. § 1692e(11)(distinguishing between initial communications and "subsequent communications").

To the extent Plaintiff cites to Griswald v. J & R Anderson Bus. Serv., 1983 U.S. Dist. LEXIS 20365 (D. Or. Oct. 21, 1983), Plaintiff's argument still fails. A more recent, published case out of the same district reversed course and determined, "a subsequent debt collector is not required to provide additional notice and another thirty-day validation period after a validation notice has been timely sent to the debtor. McNall v. Credit Bureau of Josephine Cty., 689 F. Supp. 2d 1265, 1269 (D.Or. 2010); see also Senftle v. Landau, 390 F.Supp.2d 463, 473 (D. Md. 2005)(holding that there is only one "initial communication" with a debtor on a given debt under § 1692g(a), even though subsequent debt collectors "may enter the picture."); Nichols v. Byrd, 435 F.Supp.2d 1101, 1106-07 (D.Nev. 2006)(adopting the reasoning in Senftle).

Finally, Plaintiff requests a continuance so that he may seek additional discovery pursuant to Rule 56(f) of the Federal Rules of Civil Procedure. To obtain a continuance, the moving party must set forth (1) the specific facts he hopes to elicit from further discovery, (2) that the facts sought exist, and (3) that these sought-after facts are essential to resist the summary judgment motion. California v. Campbell, 138 F.3d 772, 779 (9th Cir. 1998). Here, Plaintiff

requests time to test the validity of John Frye and Steinberg's personal knowledge of ACF's correspondence with Paris. The Court finds this is too vague a reason to grant a continuance—especially when Paris did not submit any declaration, himself, that would challenge the validity of Defendants' exhibits.

Since there is no material issue of fact that the December 21, 2010 letter is not the initial communication, the Court GRANTS Defendants' motion for summary judgment on the FDCPA claim. With respect to Plaintiff's request for additional discovery pursuant to Rule 56(f), the Court DENIES Plaintiff's request.

C. Defendants' Motion for a Protective Order

Defendants seek a protective order until the Court ruled on the pending dispositive motions. Since this Order addresses all pending dispositive motions, the Court DENIES the protective order as moot.

D. Plaintiff's Motion to Withdraw as Counsel

In August 2011, the Court ordered Plaintiff to show cause why an application for pro hac vice contained misinformation and violated General Rule 2(d) of the Court's Local Rules. General Rule 2(d) requires an attorney to maintain an office within the Western District of Washington in order to sponsor a pro hac vice application for an out-of-state attorney. In response, Joshua Trigsted, who had attempted to sponsor a pro hac vice application despite living in Oregon, filed an unopposed motion to withdraw as counsel. The Court GRANTS the motion to withdraw but warns Mr. Trigsted that he will be sanctioned if he again violates the Court's Local Rules and attempts to sponsor a pro hac vice application.

\\

\\

ORDER ON DEFENDANTS' MOTIONS TO DISMISS, MOTION SUMMARY JUDGMENT, PROTECTIVE ORDER AND PLAINTIFF'S MOTION TO WITHDRAW- 15

E.  <u>Third Pro Hac Vice Application</u>

Plaintiff filed a third application for leave to appear pro hac vice on October 3, 2011. (Dkt. No. 52.)  Despite this being the third attempt by Plaintiff to sponsor attorney Noah Radbil pro hac vice, Plaintiff continues to file the application improperly.  The Court issued an Order to Show Cause to which Plaintiff responded that the latest error was due to a paralegal's clerical mistake and prior errors were due to a misunderstanding of the Court's Local Rules.  (Dkt. No. 59.)  Since Plaintiff acknowledges the third application contains errors, the Court DENIES Plaintiff's third application for pro hac vice.  Plaintiff is free to submit a fourth application for pro hac vice; however, if the Court again finds errors, Plaintiff's attorneys will be sanctioned.  It is not the Court's duty to investigate the validity of an attorneys' representations to the Court.  Under Rule 11 of the Federal Rules of Civil Procedure, the attorneys are expected to reasonably ensure all representations to the Court are accurate.  Fed. R. Civ. P. 11(b).

**Conclusion**

The Court DISMISSESS all of Plaintiff's claims.  The Court DISMISSES Plaintiff's WCAA and WCPA claims with leave to amend.  The Court GRANTS Defendants' motion for summary judgment on the FDCPA claim because there is no factual dispute as to whether the December 21, 2010 letter was the initial communication Paris received about the alleged debt.  Since Plaintiff fails to identify any information that would be uncovered in discovery that would suggest a factual dispute, the Court DENIES Plaintiff's request for a Rule 56(f) continuance.

The Court DENIES Defendants' motion for a protective order as moot, GRANTS Plaintiff's motion to withdraw, and DENIES Plaintiff's third application for pro hac vice.  In addition, the Court takes judicial notice of <u>American Express Centurion Banks v. Eickhof</u>, but DENIES Defendant Steinberg's motion to dismiss based on WCAA exemption grounds.

1     The clerk is ordered to provide copies of this order to all counsel.

2     Dated this 1st day of November, 2011.

*[signature]*
Marsha J. Pechman
United States District Judge

ORDER ON DEFENDANTS' MOTIONS TO DISMISS, MOTION SUMMARY JUDGMENT, PROTECTIVE ORDER AND PLAINTIFF'S MOTION TO WITHDRAW- 17