|     |                                                                                                      |                                                                                  |
| --- | ---------------------------------------------------------------------------------------------------- | -------------------------------------------------------------------------------- |
|     | UNITED STATES DISTRICT COURT<br>WESTERN DISTRICT OF WASHINGTON<br>AT SEATTLE                         |                                                                                  |
|     | SCOTT PARIS,<br>    Plaintiff,<br>    v.<br>STEINBERG & STEINBERG;<br>QUENTIN STEINBERG, individually;<br>ATLANTIC CREDIT & FINANCE,<br>INC.; KELLY WOOLWINE,<br>individually,<br>    Defendants. | CASE NO. C11-993MJP<br><br>ORDER ON DEFENDANTS'<br>MOTION TO STRIKE PLAINTIFF'S<br>AMENDED COMPLAINT |

This matter comes before the Court on Defendants Quentin Steinberg and Steinberg & Steinberg's motion to strike Plaintiff's amended complaint (Dkt. No. 66), which is joined by Defendants Atlantic Credit & Finance and Defendant Kelly Woolwine (Dkt. No. 67). Having reviewed the motion; Plaintiff's response (Dkt. No. 68); Defendants' replies (Dkt. Nos. 69, 71); the response, reply, and surreply to Plaintiff's request for leave to amend (Dkt. Nos. 72, 74, 75); and all related filings, the Court GRANTS Defendants' motion to strike Plaintiff's

ORDER ON DEFENDANTS' MOTION TO
STRIKE PLAINTIFF'S AMENDED COMPLAINT-
1

federal claim and declines to exercise supplemental jurisdiction over the remaining state law claims.

### Background

Plaintiff Scott Paris alleges Defendants Steinberg & Steinberg, Atlantic Credit & Finance, and Kelly Woolwine violated provisions of the Washington Consumer Protection Act ("WCPA"), RCW 19.86, Washington Collection Agency Act ("WCAA"), RCW 19.16, and the federal Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692. The Court dismissed Plaintiff's federal claims because the FDCPA provision requiring creditors to notify debtors did not apply to the letter sent by Defendant Steinberg & Steinberg. (Dkt. No. 62 at 9-13.) The Court explicitly did not permit leave to amend regarding the FDCPA claim. (Dkt. No. 62 at 15.) The Court dismissed Plaintiff's WCPA claim, but granted leave to amend in order for Plaintiff to show damages, and dismissed Plaintiff's WCAA claim, but granted leave to amend in order for Plaintiff to argue that the WCAA provides a private right of action. (Dkt. No. 62 at 5-7.)

### Discussion

I.   Federal Claim

The Court strikes Plaintiff's FDCPA claim because the Court did not grant leave to amend that claim. Courts are to freely give leave when justice so requires. Fed. R. Civ. P. 15(a). However, amended pleadings are generally not allowed after an order on a summary judgment motion. See e.g., M/V American Queen v. San Diego Marine Constr. Corp., 708 F.2d 1483, 1492 (9th Cir. 1983).

Plaintiff's assertion that the Court's dismissal of his federal claims only operated with respect to his class action claims and not his individual claims misreads the Court's clear language. (Dkt. No. 68 at 4.) The Court did not differentiate between "class claims" and

ORDER ON DEFENDANTS' MOTION TO
STRIKE PLAINTIFF'S AMENDED COMPLAINT-
2

1  "individual claims," so the argument that the "individual claims" survive fails. (Dkt. No. 62 at
2  15.)

3      II.        Supplemental Jurisdiction

4          Under 28 U.S.C. § 1367 (c)(3), a district court may decline to exercise supplemental
5  jurisdiction over a state law claim after the court dismisses all claims over which it had original
6  jurisdiction. Here, judicial economy, convenience, and fairness counsel against exercising
7  jurisdiction over Plaintiff's remaining state law claims. See United Mine Workers v. Gibbs, 383
8  U.S. 715, 726-29 (1966). Judicial economy rests on the belief state courts have more familiarity
9  with controlling principles and the authority to render final judgment. Hagans v. Lavine, 415
10 U.S. 528, 548 (1974).

11         Supplemental jurisdiction is also inappropriate because substantial resources have not
12 been expended. See Wren v. Sletten Constr. Co., 654 F.2d 529, 536 (9th Cir. 1981). Generally,
13 the less activity in the case, the greater justification the court has to deny supplemental
14 jurisdiction over state law claims. See Otto v. Heckler, 802 F.2d 337, 338 (9th Cir. 1986);
15 Newport Ltd. v. Sears, Roebuck & Co., 941 F.2d 302, 307-308 (5th Cir. 1991) (the fact that the
16 parties had filed a pretrial order exceeding 200 pages, completed more than 100 depositions, and
17 produced 200,000 pages of discovery weighed in favor of exercising supplemental jurisdiction).
18 In this instance, the resources expended do not qualify as substantial.

19         The Court also declines supplemental jurisdiction because the federal and state law
20 claims do not arise from a common nucleus of operative fact. Gibbs, 383 U.S. at 725. Plaintiff's
21 state law claims relate to Defendants' lack of a collection license, while his FDCPA claim relate
22 to Defendant's alleged procedural violations in informing him of his right to information related
23 to the debt. (Dkt. No. 62.) There is no compelling federal interest that weighs in favor of
24 exercising supplemental jurisdiction.

ORDER ON DEFENDANTS' MOTION TO
STRIKE PLAINTIFF'S AMENDED COMPLAINT-
3

1 **Conclusion**

2     Because the Court has eliminated the federal claims and there is no good cause to retain

3 jurisdiction over the remaining state law claims, the Court GRANTS Defendants' motion to

4 STRIKE Plaintiff's amended complaint and DISMISSES the action.

5     The clerk is ordered to provide copies of this order to all counsel.

6     Dated this 8th day of February, 2012.

                                  Marsha J. Pechman
                                  United States District Judge